

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RECEIVED

2022 MAY 31  A 10: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| **LINDA EVANS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **v.** | § | 1:22-cv-325 |
| | § | |
| **HOUSTON COUNTY HEALTH CARE** | § | **JURY DEMAND** |
| **AUTHORITY D/B/A SOUTHEAST** | § | |
| **HEALTH,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**COMPLAINT**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Linda Evans brings this action for declaratory judgment, injunctive relief, equitable relief and monetary relief instituted to secure the protections of and to redress the deprivation of rights secured the Americans with Disabilities Act, ("ADA"), 42 U.S.C. 12111, *et seq.*, as amended and the Family Medical Leave of 1993, ("FMLA"), as amended. Plaintiff alleges in violation of the law, Defendant failed to accommodate her disability, discriminated against her based on her disability, and interfered with her rights under the FMLA.  Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

## II.    <u>JURISDICTION</u>

1.    This Court has jurisdiction in accordance with 28 U.S.C. §1331, 2201- 2202, 29 U.S.C. §22601 *et seq.*, 42 U.S.C. §12117, and 42 U.S.C. §12133. Venue is proper pursuant to 28 U.S.C. §1391.

2.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA.  Plaintiff timely filed her charge of discrimination within 180 days of the

occurrence of the last discriminatory act.  Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC. The FMLA does not require the exhaustion of administrative remedies.

### III.   PARTIES

3.      Plaintiff, Linda Evans, is a female citizen of the United States and a resident of the State of Alabama.  She was an employee of the Defendant at its Dothan, Alabama location during the times relevant to this lawsuit. Plaintiff is a person with a disability as that term is defined under the ADA, or a perceived disability. Plaintiff also has a serious health condition under the FMLA, and she was an employee eligible for benefits under the statute during the relevant time period.

4.      Defendant, Houston County Health Care Authority D/B/A Southeast Health (hereinafter "Southeast Health"), is an "employer" under the FMLA, 29 U.S.C. §2611(4), the ADA, and 42 U.S.C. §12111(5).  The employer employs at least fifteen (15) people.

### IV.   STATEMENT OF FACTS

5.      Plaintiff suffers from Chronic Obstructive Pulmonary Disease (hereafter, "COPD").

6.      Defendant employed Plaintiff as a Receptionist.

7.      Plaintiff's job performance always met Defendant's expectations, and Plaintiff was qualified for her position.

8.      At all times relevant to this action, Plaintiff could perform the essential functions of her job with or without accommodations.

9.      On or around February 2, 2021, Plaintiff began experiencing issues relative to her diagnosis of COVID-19.

10.     Plaintiff required and was granted time away from work because of the potential complications arising from her COVID-19 diagnosis and her COPD.

11.     Plaintiff's physician ordered her to temporarily use a portable oxygen tank and an electric wheelchair.

12.     Plaintiff was ready and willing to return to work on a reduced schedule on or around April 4, 2021, but Defendant refused to allow her to do so.

13.     Plaintiff informed Kysha Howard, Defendant's Director, of her intention to return to work on April 4, 2021.

14.     Ms. Howard failed to communicate with Plaintiff, so Plaintiff returned to work on or around April 7, 2021.

15.     On or around April 7, 2021, Doreen Anderson, Defendant's House Supervisor, informed Plaintiff that she could not return to work at that time.

16.     Plaintiff was ready and willing to return to work on a full-time basis on or around April 27, 2021, but Defendant refused to allow her to do so.

17.     Plaintiff informed Laura House, an agent of Defendant, about her need for use of oxygen and a wheelchair. Laura House did not tell Plaintiff she could use these items at work, and thus failed to provide Plaintiff a reasonable accommodation, or engage in the interactive process as mandated by the ADA.

18.     Such accommodations would not present an undue burden to the Defendant, as Plaintiff's job duties were performed while stationary and/or behind a desk.

19.     On or around June 14, 2021, and after learning of Plaintiff's need for oxygen and a wheelchair, Laura House forced Plaintiff into a "Personal Medical Leave of Absence" and told Plaintiff she would be terminated if she did not return to work by August 1, 2021.

3

20.     Laura House then sent Plaintiff a letter confirming she would be terminated if she could not return to work in the same timeframe.

21.     Defendant then terminated Plaintiff's employment, sending her a letter and survey titled "Exit Interview Questionnaire for Terminate: Linda S Evans."

## V.     CAUSES OF ACTION

**COUNT I**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT**
**(FAILURE TO ACCOMMODATE)**

22.     Plaintiff re-alleges and incorporates by reference paragraphs 2-21 above, with the same force and effect as if fully set forth herein.

23.     Plaintiff is an individual with a qualifying disability within the meaning of Section 101(8) of the Americans with Disabilities Act, Title 42 U.S.C. §12111(8), in that Plaintiff is an individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of her position within Defendant's workforce

24.     After Plaintiff was diagnosed with COVID-19 and suffered complications relative to her COPD in February of 2021, Defendant failed to engage in the interactive process, in good faith, to determine if a reasonable accommodation exists, and instead terminated Plaintiff's employment.

25.     Rather than agree or offer to provide any reasonable accommodation(s) to Plaintiff, including but not limited to use of oxygen, a wheelchair, or additional time off, Defendant terminated Plaintiff.

26.     As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Defendant.

## COUNT II
### TITLE I OF THE AMERICANS WITH DISABILITIES ACT
### (DISPARATE TREATMENT)

27.     Plaintiff re-alleges and incorporates by reference paragraphs 2-21 above, with the same force and effect as if fully set forth herein.

28.     Because of Plaintiff's actual and/or perceived disability, she was treated differently than her co-workers who were not disabled, or those Defendant did not perceive as disabled. Rather than allow Plaintiff to remain employed as she had been, Plaintiff was terminated.

29.     Defendant failed to establish, implement and/or maintain practices, procedures, and policies to ensure that employees with disabilities were not discriminated against, ignored when seeking reasonable accommodations, or otherwise harmed during their employment.

30.     Defendant did not force employees whom were not disabled, or whom the Defendant did not regard as disabled, to take a personal medical leave of absence as it did Plaintiff.

31.     Defendant acted with reckless indifference to the rights granted Plaintiff by the Americans with Disabilities Act, as amended.

32.     As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Defendant.

## COUNT III
### FAMILY MEDICAL LEAVE ACT
### (INTERFERENCE AND RETALIATION)

33.     Plaintiff incorporates by reference paragraphs 2-21 above, with the same force and effect as if fully set forth herein.

34.     Plaintiff was an eligible employee under 29 C.F.R. §825.110. She had a serious health condition pursuant to 29 U.S.C. §2612 and 29 C.F.R. §825.113, and she was entitled to take leave for that serious health condition.

5

35.     Defendant is an employer in accordance with 29 U.S.C. §2611, 29 C.F.R. §825.104, and 29 U.S.C. §825.106.

36.     Defendant should have allowed Plaintiff to take additional leave covered and protected by the FMLA.

37.     Defendant interfered with and still has not effectively approved Plaintiff additional FMLA benefits in violation of the 29 C.F.R. §825.220.

38.     Defendant violated the FMLA, 29 U.S.C. §2614, inter alia, by failing or refusing to approve leave and instead terminating her.

39.     Defendant also failed to provide Plaintiff with timely notice of her rights under the FMLA. 29 C.F.R. §825.300.

40.     Defendant's actions were willful and unreasonable.

41.     Plaintiff's manifestation of need for leave under the FMLA was a substantial motivating factor in Defendant's decision to deny Plaintiff additional leave and terminate her employment.

42.     As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment.   Additionally, Plaintiff experienced humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, respectfully requests this Court to grant the following relief:

(a)     Issue an Order directing and requiring Defendant to pay Plaintiff damages for mental anguish, lost wages, salary, employment benefits, or other compensation reduced, denied, or lost by reason of Defendant's FMLA and/or ADA violations, including nominal damages;

(b)    Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FMLA in an amount equal to and in addition to the amount of lost wages, salary, employment benefits, or other compensation owed to her, and punitive and compensatory damages pursuant to the ADA;

(c)    Issue an Order directing and requiring Defendant reinstate Plaintiff, or award Plaintiff front pay if no position is available or reinstatement is not appropriate;

(d)    Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, and pre-judgment and post-judgment interest; and

(e)    Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Respectfully submitted,

**ERIC SHEFFER**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

**OF COUNSEL**